IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN J. RAPP, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:13-cv-51 |
| | § | |
| MAXIM HEALTHCARE SERVICES, INC., | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court is Defendant's Motion to Extend Deadline to Designate Expert Witnesses (Dkt. 25), Plaintiff's Response (Dkt. 27), and Defendant's Reply (Dkt. 30); Defendant's Motion to Compel (Dkt. 26), Plaintiff's Response (Dkt. 28), and Defendant's Reply (Dkt. 29); Plaintiff's Motion to Compel Discovery Responses and Motion for Sanctions (Dkt. 31, 33),[1] Defendant's Response (Dkt. 35), and Plaintiff's Reply (Dkt. 38); Defendant's Motion for Summary Judgment (Dkt. 36), Plaintiff's Response (Dkt. 42), Defendant's Reply (Dkt. 46) and Plaintiff's Sur-reply (Dkt. 52); Plaintiff's Motion for Leave to File Excess Pages (Dkt. 40) and Defendant's Response (Dkt.47); Plaintiff's Motion to Strike Summary Judgment Evidence (Dkt. 41), Defendant's Response (Dkt. 49), and Plaintiff's Reply (Dkt. 54); Plaintiff's Motion for Leave to Exceed Page Limit (Dkt. 53); and Defendant's Motion to Strike Plaintiff's Sur-reply (Dkt. 57), Plaintiff's Response (Dkt. 58) and Defendant's Reply (Dkt. 59).

For the reasons set forth herein, Defendants' Motion to Extend Deadline to Designate Expert Witnesses (Dkt. 25) is **DENIED AS MOOT**; Defendant's Motion to Compel (Dkt. 26) is **DENIED AS MOOT**; Plaintiff's Motion to Compel Discovery Responses and

---

[1] Plaintiff's Motion for Sanctions (Dkt. 33) is included within Plaintiff's Motion to Compel (Dkt. 31). Plaintiff indicates in her reply briefing that the Clerk of Court instructed her to file the motion twice.

Motion for Sanctions (Dkt. 31, 33) are **DENIED**; Defendant's Motion for Summary Judgment (Dkt. 36) is **GRANTED**; Plaintiff's Motion for Leave to File Excess Pages (Dkt. 40) is **DENIED AS MOOT**; Plaintiff's Motion to Strike Summary Judgment Evidence (Dkt. 41) is **DENIED**; Plaintiff's Motion for Leave to Exceed Page Limit (Dkt. 53) is **DENIED AS MOOT**; and Defendant's Motion to Strike (Dkt. 57) is **DENIED AS MOOT**.

This is a straightforward case with only a single claim between two parties. However, the voluminous filings and profuse denunciations of counsels' behavior make it appear much more complicated. The parties have, with respect to several of these pending motions, failed to confer as required by this court's local rules.[2] Further, the court would like to point out that the parties have failed to take advantage of the Eastern District's Discovery Hotline, as encouraged by this court's Scheduling Order,[3] to swiftly obtain rulings on discovery disputes.[4] The court would also like to remind counsel that "[i]n fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client."[5] "A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves."[6] "A lawyer should not use any form of discovery or the scheduling of discovery as a means of harassing opposing counsel or counsel's client."[7]

That being said, the court would grant Defendant's Motion to Extend Deadline to Designate Expert Witnesses (Dkt. 25) on the basis of Plaintiff's counsel's complete failure to respond to Defendant's attempts to confer. However, based on the ultimate findings of the court

---

[2] E.D. TEX. CIV. R. CV-7(h), CV-7(i).
[3] Dkt. 12 ¶ 6.
[4] *See* E.D. TEX. CIV. R. CV-26(e).
[5] E.D. TEX. R. AT-3(A).
[6] E.D. TEX. R. AT-3(C).
[7] E.D. TEX. R. AT-3(H).

in this case, Defendant's Motion to Extend Deadline to Designate Expert Witnesses (Dkt. 25) is **DENIED AS MOOT**. Defendant's Motion to Compel (Dkt. 26) is also **DENIED AS MOOT** for the same reasons.

**Plaintiff's Motion to Compel (Dkt. 31)**

Plaintiff's Motion to Compel (Dkt. 31) is **DENIED**. Defendant alleges that Plaintiff did not meaningfully meet and confer in good faith before filing this motion. For that reason alone, the court could deny the motion entirely. However, the court denies Plaintiff's motion for the following reasons.

First, Plaintiff contends that Defendant did not attach any documents to its initial disclosures.[8] But Rule 26(a)(1)(A)(ii) allows a party to produce "a description by category and location" of all documents that may be used to support its claims or defenses. It does not require that documents be attached to initial disclosures.

Plaintiff next broadly seeks an order "overruling Defendant's objections to Interrogatories Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 20, 21, 22, and 25, and Requests for Production Nos. 1-9, 11-15, 20-23, 26, 27 32-52, and compelling Defendant to answer the interrogatories and produce the documents requested."[9] For these requests, Plaintiff does not provide any detail regarding the substance of the request or the objection. Nor does she set forth any authority to support her request.

Plaintiff goes on to explain that "Defendant has produced some 745 pages of documents in this case" but complains that Defendant "does not identify any documents in its response to Plaintiff's requests for production" so that Plaintiff is unable to determine which requests have

---

[8] Dkt. 31 ¶ 1.04.
[9] Dkt. 31 ¶ 1.08.

been satisfied.[10] Rule 34(b)(2)(E)(i) requires that "[a] party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to categories in the request."[11] Plaintiff has failed to show that these documents were not produced as they are kept in the usual course of business as Defendant contends. Nothing in the Federal Rules of Civil Procedure otherwise requires Defendant to categorize and organize the documents.

Next, "Plaintiff seeks an order overruling [Defendant's objections to her Request for Admissions] and deeming the requests admitted."[12] Plaintiff sets forth no legal or factual detail for the court to evaluate this request.

Plaintiff's motion to compel is **DENIED**.

Further, Plaintiff moves to exclude from evidence documents produced by Defendant that were obtained from third parties using an authorization signed by Plaintiff because "Plaintiff was not given notice that her personnel records were the subject of a subpoena."[13] Plaintiff alleges that "Defendant failed to produce and failed to ensure that the employer produce a copy of the records being provided"[14], but she does not allege which records Defendant failed to produce.[15] First, the court notes that no evidence was submitted that the records were obtained through a subpoena. Further, even if a subpoena was utilized, Plaintiff has not put forth any authority to support her contention that use of a subpoena requires notice to Plaintiff, particularly in light of the fact that she provided Defendant with a signed authorization to obtain the records. The court can find no authority, and Plaintiff has provided none, that requires Plaintiff to be given an opportunity to review and object to documents obtained through an authorization before their

---

[10] Dkt. 31 ¶ 2.02.
[11] (emphasis added).
[12] Dkt. 31 ¶ 1.10.
[13] Dkt. 31 ¶ 1.11.
[14] Dkt. 31 ¶ 3.08a.
[15] Dkt. 31 ¶ 3.08.

production to Defendant. The authorization itself does not contain any such requirement. It merely requires that a copy also be sent to Plaintiff's counsel. Indeed, Local Rule CV-34(3) only requires that once records are obtained pursuant to an authorization that a copy is "promptly furnished to that party's counsel."

Plaintiff also objects to all evidence put forth by Defendants at Plaintiff's deposition because Defendant did not provide Plaintiff with a copy before the deposition.[16] Plaintiff relies on Rule 37(c)(1)[17] as authority for her request to exclude the documents. Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence *on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless."[18] A deposition is not a motion, hearing, or trial. Nothing in the Federal Rules of Civil Procedure requires the production of all documents *before* the commencement of *depositions*. Defendant asserts, and Plaintiff does not dispute, that the documents were timely produced in response to Plaintiff's discovery requests and before the close of discovery. As a result of these perceived "discovery abuses," Plaintiff seeks sanctions. That motion is **DENIED**. Plaintiff's motion to exclude Defendant's evidence is also **DENIED**.

**Plaintiff's Motion to Strike Summary Judgment Evidence (Dkt. 41)**

Plaintiff filed a twenty-five page motion to strike Defendant's summary judgment evidence. The first ten pages are objections to the Declaration of Lisa Malone.[19] Plaintiff also objects to portions of her own deposition testimony and exhibits put forth by Defendant during

---

[16] Dkt. 31 ¶ 3.01 *et seq.*
[17] Incorrectly cited as Rule 37(a)(4).
[18] (emphasis added).
[19] Dkt. 36-5.

her deposition. Finally, Plaintiff objects to the Declaration of Amy Bettler,[20] and the Declaration of Willie Sherman.[21] The court, however, need only examine one piece of evidence: the alleged "report" made by Plaintiff on June 29, 2012.[22] Plaintiff's First Amended Complaint (Dkt. 7) alleges simply that "[o]n or about June 29, 2012, Plaintiff reported patient care issues involving the daytime nurse to her supervisors" and that as a result, she was terminated on July 11, 2012.[23] Plaintiff contends that she "made a report that was required or authorized, or reasonably believed to be required or authorized by chapter 301.401, *et seq.* of the Texas Occupations Code in good faith"[24] and that Defendant "retaliated against Plaintiff by terminating her employment."[25] Before the court considers the remainder of Defendant's evidence, the court must determine whether Plaintiff made a report as contemplated by the Texas Occupations Code. Therefore, the court moves on to consider Defendant's motion for summary judgment on this issue.

**Defendant's Motion for Summary Judgment**

Section 301.4025(b) of the Texas Occupations Code states that "[a] nurse may report to the nurse's employer . . . any situation that the nurse has reasonable cause to believe exposes a patient to substantial risk of harm as a result of a failure to provide patient care that conforms to minimum standards of acceptable and prevailing professional practice or to statutory, regulatory, or accreditation standards." This is an "authorized report." Section 301.413(b)(1) of the Texas Occupations Code prohibits suspension, termination, or other discipline, discrimination, or retaliation against a person who "reports in good faith under this subchapter." "Good faith"

---
[20] Dkt. 36-7.
[21] Dkt. 36-8.
[22] Dkt. 42-1. The court notes that while Plaintiff has objected to Defendant's use of this exhibit, she then attached the exhibit, in full, to her summary judgment response. Plaintiff's objections to it are therefore OVERRULED.
[23] Dkt. 7 ¶ 7.
[24] Dkt. 7 ¶ 8.
[25] Dkt. 7 ¶ 9.

requires that "(1) the person reporting believed that the report was required or authorized; and (2) there was a reasonable factual or legal basis for that belief."[26] "A person who brings an action under this section has the burden of proof."[27] However, "[i]t is a rebuttable presumption that the person was suspended, terminated, or otherwise disciplined, discriminated against, or retaliated against for reporting under this subchapter . . . if: (1) the person was suspended, terminated, or otherwise disciplined, discriminated against, or retaliated against within 60 days after the date of the report . . .; and (2) . . a court determines that: (A) the report that is the subject of the cause of action was (i) authorized or required under . . .301.4025. . . ; and (ii) made in good faith . . ."[28]

Here, Rapp alleges that she made a report to her employer on June 29, 2012, regarding "patient care issues involving the daytime nurse." The undisputed facts show that Plaintiff wrote a diatribe in her patient's "Nursing Flow Sheet" [29] for June 28, 2012,[30] laying out her history of disputes involving the daytime nurse (Mason) and a bevy of other complaints unrelated to patient care,[31] along with her observations of the patient. What Plaintiff failed to record is a situation that she had reasonable cause to believe exposed the patient to substantial risk of harm as a result of a failure to provide patient care that conforms to minimum acceptable standards. The only statement in the Nursing Flow Sheet that could even remotely be construed as a "report" is the following:

> [t]omorrow if the office manager Willie is in, I will convey my most serious fear, and that is that Dawn's treatment of [the patient] shows a lack of any care for him. I am afraid she will do something to [the patient] at the end of the shift that will cause him harm during my shift.

---

[26] TEX. OCC. CODE § 301.4011.
[27] TEX. OCC. CODE § 301.413(e).
[28] *Id.*
[29] Dkt. 42-1.
[30] Plaintiff worked overnight at her patient's home; therefore, some of the notes are dated June 29, 2012, because they occurred after midnight during Plaintiff's shift that began on June 28, 2012.
[31] For instance, Plaintiff complained that some nursing supplies were found in a clothes closet.

Yet nothing in this statement indicates that Mason's actual care of the patient failed to meet minimum acceptable standards that would expose the patient to a substantial risk of harm. Instead, it conveys Plaintiff's "fear" that Mason "may" deliberately do something in the future that would cause the patient harm to harass Plaintiff.

Plaintiff testified that on June 29, 2012, she met with her supervisors, Willie Sherman and Lisa Malone and gave them the "Nursing Flow Sheet." She testified that during the meeting

> [she] told them about the nurse's notes and that [she] had complained many times to Dawn's superiors and that though it was supposed to have been written down that there was no record ever of [her] complaints. [She] told them [she] wrote the things in the nursing notes that [she] did because [she] was afraid for . . . [she] was afraid that he was going to die on [her] shift from something [she] didn't do. [She] wanted there to be a legal record somewhere of the issues [she] had been dealing with. But [she] told them [she] thought that, if [she] remembers correctly, [she] probably should have written them on an Incident Report and that [she] wanted help to get the problems . . . resolved. [She] gave them the nursing notes at that time. [Sherman] didn't look at them at that time. And [Sherman] called [the patient's wife] in [her] presence and [Sherman] set an appointment to come out and see [the patient's wife]. And that is all I remember.[32]

Nothing in these additional statements indicates that Mason's actual care of the patient was somehow subpar such that there was a substantial risk of harm to the patient.

Section 301.4025(b) does not specify what is required to constitute an authorized "report."[33] For purposes of this motion, the court considers the "Nursing Flow Sheet" and Plaintiff's statements to Sherman and Malone on June 29, 2012, a "report," but finds that "report" fails to show that Plaintiff believed there was a substantial risk of harm to the patient because of Mason's care. Even if it did, the court finds that these reports were not made in good faith because Plaintiff has not put forth anything to show there was a reasonable factual or legal

---

[32] Plaintiff's deposition at 211:7-23 (Dkt. 36-3). Plaintiff has not objected to this portion of her testimony. *See* Dkt. 41.

[33] *Cf.* TEXAS OCC. CODE § 301.4025(a) (requiring a "written, signed report to the appropriate licensing board"); *see Taylor v. Lone Star HMA, L.P*, Civil Action No. 3:07-cv-1931-M, 2009 WL 174133, at *4 (N.D. Tex. Jan. 23, 2009) (holding that for purposes of summary judgment, Plaintiffs made a "report" when they refused patient assignments they believed to be unsafe).

basis for her belief that Mason would *intentionally harm the patient*[34] to retaliate against the *Plaintiff*.

Plaintiff has failed to show that there is a genuine dispute as to a material fact and therefore Defendant is entitled to judgment as a matter of law. Plaintiff's Motion to Strike Summary Judgment Evidence (Dkt. 41) is **DENIED**. Defendant's Motion to Strike Plaintiff's Sur-reply (Dkt. 57) is **DENIED AS MOOT**. Defendant's Motion for Summary Judgment (Dkt. 36) is **GRANTED**. Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

**Conclusion**

Defendants' Motion to Extend Deadline to Designate Expert Witnesses (Dkt. 25) is **DENIED AS MOOT**; Defendant's Motion to Compel (Dkt. 26) is **DENIED AS MOOT**; Plaintiff's Motion to Compel (Dkt. 31) is **DENIED**; Plaintiff's Motion for Sanctions (Dkt. 33) is **DENIED AS MOOT**; Defendant's Motion for Summary Judgment (Dkt. 36) is **GRANTED**; Plaintiff's Motion for Leave to File Excess Pages (Dkt. 40) is **DENIED AS MOOT**; Plaintiff's Motion to Strike Summary Judgment Evidence (Dkt. 41) is **DENIED**; Plaintiff's Motion for Leave to Exceed Page Limit (Dkt. 53) is **DENIED AS MOOT**; and Defendant's Motion to Strike (Dkt. 57) is **DENIED AS MOOT**.

IT IS SO ORDERED.

**SIGNED this the 30th day of September, 2014.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[34] As opposed to providing him with inferior nursing care.